UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEROY STEWART, JR., | No. 2:22-cv-00285-CKD P |
| Plaintiff, | |
| v. | ORDER |
| S. PONCE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. All parties have consented to the jurisdiction of the assigned Magistrate Judge for all further proceedings in this case including trial and the entry of judgment. See ECF No. 29.

This case is proceeding on Eighth Amendment failure to protect claims against defendants Ponce and Ibarra. See ECF No. 9 (screening order). Currently pending before the court is defendants' motion to dismiss plaintiff's official capacity claims against them. For the reasons explained in further detail below, defendants' motion to dismiss is granted.

**I.      Motion to Dismiss**

On October 26, 2022, defendants filed a partial motion to dismiss asserting that the claims for damages against defendants in their official capacity are barred by the Eleventh Amendment. ECF No. 22. Defendants additionally contend that they are not "persons" under § 1983 in their

1

official capacity because plaintiff is not requesting injunctive relief.  ECF No. 22.

Plaintiff has not filed an opposition and the time to do so has expired.  See ECF Nos. 24, 32 (granting extensions of time).

## II.     Legal Standards

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  Chubb Custom Ins. Co. v. Space Sys./Loral, Inc., 710 F.3d 946, 956 (9th Cir. 2013).  In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

## III.    Analysis

In this case, plaintiff seeks compensatory and punitive damages against the defendants in their individual and official capacities for violating his Eighth Amendment rights.  See ECF No. 1 at 2 (complaint).  "Official-capacity suits… generally represent only another way of pleading an action against an entity of which an officer is an agent."  Kentucky v. Graham, 473 U.S. 159, 165 (1985) (internal quotation marks omitted); see also Community House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 966-67 (9th Cir. 2010) (emphasizing the distinction between individual and official capacity suits).  Therefore, claims against defendants in their official capacity are functionally claims against the State of California.  See, e.g., Mendiola-Martinez v. Arpaio, 836 F.3d 1239, 1250 (9th Cir. 2016) ("When a county official like Sheriff Arpaio is sued in his official capacity, the claims against him are claims against the county.").  As defendants point out, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  California has not waived its Eleventh Amendment immunity with respect to claims brought under 42 U.S.C. § 1983 in federal court. Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999).  Since CDCR is a state agency,

defendants Ponce and Ibarra who are its employees, are immune from suit for monetary damages in their official capacity. In this case, there is no cognizable legal theory under which plaintiff can seek monetary damages against defendants in their official capacity. For this reason, defendants' partial motion to dismiss is granted.

### IV. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the motion to dismiss, the court is dismissing the official capacity claims against defendants with prejudice because they are barred by the Eleventh Amendment. This analysis does not affect your individual capacity claims against defendants. Therefore, your case will continue as to the Eighth Amendment failure to protect claims against defendants Ponce and Ibarra in their individual capacities.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss the official capacity claims (ECF No. 22) is granted.
2. Plaintiff's claims against defendants in their official capacity are dismissed with prejudice as barred by the Eleventh Amendment.
3. This case is proceeding only on the individual capacity claims against defendants Ponce and Ibarra for failing to protect plaintiff from being attacked by another inmate in violation of the Eighth Amendment.

Dated: July 21, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/stew0285.mtd.CJRA