UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEROY STEWART, JR., | No. 2:22-cv-00285-CKD |
| Plaintiff, | |
| v. | ORDER |
| S. PONCE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. On May 11, 2023, this matter was referred to the undersigned for all further proceedings and entry of final judgment based on the consent of all the parties. ECF No. 29.

This case is proceeding on plaintiff's complaint against defendants Ponce and Ibarra for failing to protect him from being attacked by another inmate on January 29, 2021 in violation of the Eighth Amendment.[1] See ECF No. 9 (screening order). On December 11, 2023, defendants filed a motion for summary judgment which has been fully briefed by the parties. ECF Nos. 35, 41-42. For the reasons that follow, the motion is granted and judgment is entered for defendants.

/////

---

[1] The claims against defendants in their official capacity were dismissed by order dated July 21, 2023. Therefore, plaintiff is suing defendants in their individual capacity only.

1

### I.   Summary Judgment Standards Under Rule 56

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record…." Fed. R. Civ. P. 56(c)(1)(A). Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or shows that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n. 11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there

1  is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
2  committee's note on 1963 amendments).
3       In resolving the summary judgment motion, the evidence of the opposing party is to be
4  believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the
5  facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475
6  U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
7  obligation to produce a factual predicate from which the inference may be drawn. See Richards
8  v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902
9  (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than
10 simply show that there is some metaphysical doubt as to the material facts.... Where the record
11 taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
12 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

## II. Defendants' Motion for Summary Judgment

Defendants seek summary judgment because the undisputed material facts demonstrate that they were not deliberately indifferent to plaintiff's safety because they were not subjectively aware of any risk to his safety from another inmate. Defendants "believe[d] that inmate Wadsworth had been adequately secured, had no knowledge or suspicion that… [he] planned to attack [p]laintiff, immediately responded to the assault, and took all possible steps to minimize the effect of inmate Wadsworth's unexpected assault." ECF No. 35 at 6. At most, defendants were negligent which is not sufficient to sustain an Eighth Amendment claim. Defendants also assert that they are entitled to summary judgment based on qualified immunity. Lastly, defendants submit that plaintiff is not entitled to punitive damages because he cannot demonstrate that defendants acted with an evil motive or with reckless indifference.

In his opposition, plaintiff contends that there is a genuine issue of material dispute in this case because the "declarations of the plaintiff and defendants are in square contradiction as to the intentional and proper application of the restraints, security, and control of the high-risk inmate, Wadsworth." ECF No. 41 at 3. Plaintiff also submitted a Separate Statement of Disputed Facts ("PSSDF"). ECF No. 41 at 17-19.

By way of reply, defendants point out that "[n]othing in [p]laintiff's opposition refutes the fact that [d]efendants had no knowledge that inmate Wadsworth posed a serious risk to [p]laintiff's safety as they waited for [p]laintiff to finish cleaning Wadsworth's cell, and disregarded that risk." ECF No. 42 at 5. Absent such evidence, no dispute of material fact exists and defendants are entitled to summary judgment. With respect to plaintiff's new declaration attached to his opposition, defendants argue that it should be disregarded by the court based on the sham affidavit rule because it contradicts his own sworn deposition testimony. ECF No. 42 at 6-7. To the extent that plaintiff's Statement of Disputed Facts ("PSDF") relies on case law concerning double locking handcuffs, this is not a substitute for actual evidence of disputed issues of fact. ECF No. 42 at 5. Absent such proof, there is no genuine issue of material dispute in this case according to defendants.

### III. Plaintiff's Allegations in the Complaint[2]

While an inmate at the California Medical Facility, plaintiff was performing his duties as a custodian for PIA Industries in front of cell 10 on the A Facility on January 29, 2021. ECF No. 1 at 6. Plaintiff was bent over getting a mop out of a bucket, when he was suddenly stabbed by another inmate causing him injuries. ECF No. 1 at 6. Plaintiff alleges that two correctional officers, defendants Ponce and Ibarra, failed to protect him from being injured by this inmate. Specifically, plaintiff contends that defendants failed to double lock the other inmate's handcuffs which allowed him to slip out of them and assault plaintiff. Id. Plaintiff also asserts that defendants failed to follow CDCR policy by failing to adequately search the other inmate for contraband by requiring him to go through an X-ray machine or to be searched with a wand. Id. As a result of defendants' failures, plaintiff continues to suffer from emotional and psychological distress. Id. at 7.

/////

---

[2] Plaintiff signed his first amended complaint under penalty of perjury. As a result, it is considered as an affidavit in opposition to summary judgment to the extent that it is based on personal knowledge and sets forth specific facts admissible in evidence. See Lopez v. Smith, 203 F.3d 1122, 1132 n. 14 (9th Cir. 2000).

### IV. Undisputed Material Facts[3]

For purposes of the instant motion for summary judgment, the court finds the following facts undisputed unless otherwise noted.

At all times relevant to the allegations in the amended complaint, defendants Ponce and Ibarra were employed as Correctional Officers by the California Department of Corrections and Rehabilitation. ECF No. 35-4 at 1 (Declaration of K. Ibarra); ECF No. 35-5 at 1 (Declaration of S. Ponce). Both defendants worked at the California Medical Facility ("CMF") located in Vacaville, California. ECF Nos. 35-4 at 1; 35-5 at 1.

On January 9, 2021 at approximately 9:50 a.m., defendants Ponce and Ibarra were escorting inmate Wadsworth from a Mental Health Crisis Bed ("MHCB") medical room on the A-side of the facility to his assigned housing in room A-10 at the California Medical Facility. ECF No. 35-1 at Nos. 1-2 (Defendants' Statement of Undisputed Facts).[4] During this escort, defendant Ibarra secured inmate Wadsworth in waist restraints. DSUF at No. 5. Both defendants believed, based on their training and experience, that these waist restraints had been properly tightened. DSUF at No. 5.

As defendants approached the hallway leading to inmate Wadsworth's cell, plaintiff was still cleaning the A-10 cell based on his assignment as a PIA custodian. DSUF at No. 6. Defendants continued to escort inmate Wadsworth by each holding one of his arms. DSUF at No. 7. After arriving at cell A-10, they stood by while plaintiff and his co-worker completed cleaning Wadsworth's cell. DSUF at No. 7.

Plaintiff testified at his deposition that as they approached, he heard a conversation between defendant Ponce and inmate Wadsworth. ECF No. 35-6 at 26:19-25-27:1-2. According

---

[3] The court deems defendants' facts undisputed if plaintiff did not submit any admissible evidence in opposition thereto. To the extent that plaintiff has submitted a declaration in opposition to summary judgment, the court has only considered such evidence that is admissible. See Fed. R. Civ. P. 56(c)(4); see also Block v. City of Los Angeles, 253 F.3d 410, 419 (9th Cir. 2001) (holding that it was an abuse of discretion for the district court, at the summary judgment stage, to consider information from an affidavit based on inadmissible hearsay rather than the affiant's personal knowledge).

[4] Hereinafter referred to as "DSUF."

to plaintiff, this conversation prompted plaintiff to look up.[5] ECF No. 35-6 at 27: 1-2. Defendant Ponce does not mention any conversation between herself and inmate Wadsworth that occurred during the escort. See ECF No. 35-5.

Suddenly, inmate Wadsworth was able to slip out of his right wrist restraint and broke free from defendants' hold. DSUF at No. 8. Inmate Wadsworth then reached into his clothes and removed an inmate manufactured weapon. DSUF at No. 9. He then lunged toward plaintiff with the weapon, striking him in the head and upper chest. DSUF at No. 10.

Defendants both immediately responded to this attack on plaintiff. DSUF at No. 11. Defendant Ponce activated her personal alarm and both defendants tackled Wadsworth to the ground. DSUF at No. 11. Defendant Ponce secured inmate Wadsworth's hands behind his back and placed him in handcuffs again. DSUF at No. 12. No more than 10 seconds elapsed from the point that Wadsworth broke free from defendants' escort to the time when he was taken to the ground. DSUF at No. 14.

Officer De Quattro arrived outside cell A-10 after responding to defendant Ponce's alarm. DSUF at No. 15. By this point, inmate Wadsworth was already on his stomach on the ground and defendants were securing him in handcuffs. DSUF at Nos. 15-16. After defendants removed Wadsworth from the area, Officer De Quattro found the inmate manufactured weapon where Wadsworth had been lying. DSUF at No. 18. The weapon was approximately 1.5 inches wide by 2 inches long and had been wrapped in a condom. DSUF at No. 19.

Officer De Quattro observed injuries to plaintiff's head and then escorted him to the MHCB Triage Treatment Area ("TTA") for medical assistance. DSUF at Nos. 20-22. Plaintiff sustained two lacerations to the side of his head and one to his chest. DSUF at No. 23. Only a few minutes elapsed between when the assault ended and when plaintiff was taken to the TTA for medical treatment. DSUF at No. 24.

---

[5] To the extent plaintiff relies on what defendant Ponce specifically said to inmate Wadsworth before he attacked plaintiff, this evidence constitutes hearsay that is not admissible. See Fed. R. Evid. 801(c) (defining hearsay as a statement: "(1) the declarant does not make while testifying at the current trial or hearing; and, (2) a party offers in evidence to prove the truth of the matter asserted in the statement.").

Prior to the assault, inmate Wadsworth had never threatened plaintiff. DSUF at No. 27. Plaintiff never told anyone employed with CDCR that Wadsworth posed a threat to his safety. DSUF at No. 28. Plaintiff admits that the attack happened suddenly and without warning or provocation. DSUF at No. 30.

Neither defendant Ponce nor Ibarra had any knowledge or suspicion that inmate Wadsworth was carrying an inmate manufactured weapon or that he intended to attack plaintiff. DSUF at No. 29. Plaintiff disputes this by pointing to CDCR policy that requires an unclothed body search of all MHCB inmates to be performed prior to any escort to a Therapeutic Treatment Module. PSUF at No. 1. Defendants dispute that such policy applied to inmate Wadsworth because he was not being escorted to or from a Therapeutic Treatment Module. ECF No. 42-1 at 1-2.

According to defendants, double locking a restraint does not increase the security of using the restraint itself because it only ensures that the handcuff will not become too tight. DSUF at No. 35-36.

### V.    Legal Standards

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, and that the prison official was deliberately indifferent to the risk of harm. Id. at 834, 837. Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." Id. at 834 (internal quotation omitted). To be deliberately indifferent, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

/////

**VI.     Analysis**

The undersigned finds that defendants have met their initial burden of informing the court of the basis for the motion for summary judgment, and identifying those portions of the record which they believe demonstrate the absence of a genuine issue of material fact.  The burden therefore shifts to plaintiff to establish the existence of a genuine issue of material fact.  See Matsushita Elec. Indus., 475 U.S. at 586 (1986).

Drawing all reasonable inferences in plaintiff's favor, the court finds that plaintiff has not submitted sufficient evidence to create a genuine issue that defendants failed to protect him from inmate Wadsworth in violation of the Eighth Amendment.  Specifically, plaintiff has not presented any evidence demonstrating that either defendant was made aware of facts from which an inference could be drawn that a substantial risk of serious harm to plaintiff's safety existed, or that either defendant Ponce or Ibarra actually drew such an inference.  Plaintiff produced no documentary evidence demonstrating that inmate Wadsworth had a combative history or that defendants knew that he was prone to assault other inmates.  Both defendants declared that they, in fact, were not subjectively aware of any risk to plaintiff from inmate Wadsworth.  Absent any evidence to the contrary, defendants are entitled to summary judgment.  See Farmer, 511 U.S. at 834.

To the extent that plaintiff argues that defendants did not properly double lock Wadsworth's restraints, this is only speculation and, as such, does not create a sufficient factual dispute to defeat defendants' summary judgment motion.  See ECF No. 35-6 at 55:13-21 (Plaintiff's Deposition).  Even accepting plaintiff's rank speculation, such misapplication of physical restraints would constitute negligence which is not actionable under the Eighth Amendment.  Farmer v. Brennan, 511 U.S. at 835 (emphasizing that the subjective component of "deliberate indifference describes a state of mind more blameworthy than negligence.").  For all these reasons, the court grants defendants' motion for summary judgment.[6]

/////

---

[6] In the interests of judicial economy, the court declines to address defendants' alternative arguments supporting summary judgment, including qualified immunity.

**VII.    Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the pending motion for summary judgment, as well as the evidence submitted by the parties, and has concluded that the facts of this case can be resolved on the papers are not sufficiently in dispute to warrant a trial.  This means that your case is ending without a trial.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for summary judgment (ECF No. 35) is granted.
2. The Clerk of Court shall enter judgment for defendants and close this case.

Dated:  August 27, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/stew0285.msj.consent